IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**TAKBIR ALLAHU AKBAR MUHAMMAD                                   PLAINTIFF**
**ADC #86280**

**VS.                       CASE NO. 5:10CV00343  JLH/BD**

**RAY HOBBS, ET AL                                                 DEFENDANTS**

### OBJECTIONS TO PARTIAL RECOMMENDED DISPOSITION (DE41)

Come now, Arkansas Department of Correction (ADC) Defendants, Ray Hobbs and David White, by and through their attorneys, Attorney General Dustin McDaniel and Assistant Attorney General Hester Criswell, for their Objections to the United States Magistrate Judge's Partial Recommended Disposition (DE41), assert that is would be error to deny defendants motion for summary judgment for the reasons argues herein.

1.  On July 11, 2012, United States Magistrate Judge Beth Deere entered Partial Recommended Disposition (DE41) recommending that ADC Defendants' Motion for Summary Judgment be denied based on the Court's conclusion that it would have to "rely on inadmissible hearsay in deciding the motion for summary judgment" because the ADC Business Records presented by ADC defendants were not verified by affidavit.

2.  Defendants proof would be admissible evidence at trial.  Attached hereto as Exhibit A, is an Affidavit of Barbara Williams which authenticates Document 39-1 and further establishing admissibility of the ADC Business Records pursuant to the business records exception to the hearsay rule of the Federal Rule of Evidence.  ADC Defendants request the Court allows the record to be supplemented with the attached Affidavit as part of their Motion for Summary Judgment proof contained in their Statement of Material Facts (DE39). Allowing

the supplement does not alter the facts presented in the statement of facts, but only shows that the documents are admissible in evidence at trial. *See attached Defendant's Exhibit A.*

3. Plaintiff Takbir Muhammad was a prison inmate confined in the Arkansas Department of Correction on the dates he alleged the incidents occurred, although he was later released from prison. *See DE27, filed September 6, 2011.* Acting pro se, the Plaintiff filed this 42 U.S.C. §1983 action alleging violation of plaintiff's U.S. Constitutional rights under the Eighth Amendment, Cruel and Unusual Punishment Clause.

4. Plaintiff alleged that ADC Defendants violated his U.S. Constitutional Rights, 8th Amendment because on the dates of August 5, 2009, September 25, 2009 and October 14, 2009 while housed in East and West Isolation cell at the Maximum Security Unit at Tucker, Officer Cervin of the kitchen staff, served Mr. Muhammad his food meals on a Styrofoam tray, which plaintiff, incorrectly, believed contained less food then was served on a "regular" tray in other parts of the unit. *SUMF ¶¶4-5.*

5. Mr. Muhammad filed grievance with ADC, in which he claimed he was receiving insufficient portion of food by the kitchen staff, based on the fact that the Styrofoam tray was smaller than the other type of food trays used in other parts of the prison unit. *SUMF ¶¶12, Exhibit1, pp 2-18.*

6. After review of the facts and the response of the kitchen staff, which asserted that the Styrofoam trays contained the same portion of food as other type of tray and that plaintiff received the same tray as everyone else in his unit, ADC Defendants Warden White and Director Hobbs both denied plaintiff's grievance appeals as without merit. *SUMF ¶¶12, Exhibit1, pp 8, 10, 16, 18.*

7.      The denial of Muhammad's grievance appeals is the basis of this lawsuit against ADC Defendants Hobbs and White. *SUMF ¶¶12, Exhibit1, pp 8, 10, 16, 18*.

8.      Based on the record in this case, ADC Defendant are entitled to judgment as a matter of law.

9.      Even after the Court entered an Order (DE40) on June 18, 2012, notifying Mr. Muhammad to file response within 14 days of the order, Plaintiff did not file a response to defendants' motion for summary judgment; therefor the facts alleged are undisputed. Further plaintiff has not prosecuted this matter since his Notice of Change of Address (DE27) entered on September 6, 2011, providing his new address as 910 Red Hall Road, England, AR 72046, which outside Maximum Security Unit at Tucker, Arkansas and is not in any ADC prison facility.

10.     The record taken as a whole could not lead a rational trier of fact to find for the nonmoving party; therefore, there is no genuine issue for trial. *Scott v. Harris,* 550 U.S. 372, 380-81 (2007). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Scott v. Harris*, 550 U.S. 372, 380-81 (2007).

11.     The record taken as a whole shows that ADC Defendants are entitled to sovereign immunity in their official capacity and sovereign immunity in their individual capacity against monetary damages in this matter; which the order does not appear to address. Summary judgment is particularly appropriate when the questions to be decided are issues of law. *Flath v. Garrison Pub. Sch. Dist.*, 82 F.3d 244, 246 (8th Cir. 1996). See also. *Behrens v. Pelletier*, 516 U.S. 299, 305-07 (1996) (summary judgment and qualified immunity). Qualified immunity requires dismissal unless the nonconclusory fact allegations demonstrate a constitutional

violation by the officer sued and the particular right in question was clearly established at the time the defendant acted.  *See Saucier v. Katz*, 533 U.S. 194, 200 (2001).

12.	Plaintiff did not allege that Defendant Hobbs or White was directly responsible for feeding him or directly caused him any deprivation of food; and it is clear from the complaint and the record taken as a whole that plaintiff seeks to hold Defendants Hobbs and White responsible based on their decisions on his grievances or alternatively on the legal theory of respondeat superior for allegations against the kitchen captain, Mr. Cervin.  Summary-judgment procedure is designed to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);  *Anderson v. Liberty Lobby*, 477 U.S. 424, 252 (1986);  See also. *Meuir v. Greene County Jail Emples*., 487 F.3d 1115, 1119 (8th Cir. 2007).

13.	Defendants' *Statement of Undisputable Material Facts in Support of Motion for Summary Judgment (SUMF)* filed in this matter was undisputed by plaintiff, who did not file a response or otherwise even attempt to dispute the facts.

14.	In order to establish that a prisoner's conditions of confinement violate the Eighth Amendment, the prisoner must show (1) that the alleged deprivation is, "objectively, sufficiently serious," resulting "in the denial of the minimal civilized measure of life's necessities," and (2) that prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 837, 114 S.Ct. 1970, 1976 (1994).  The record taken as a whole and the motion for summary judgment demonstrated that plaintiff cannot establish all the element of his alleged constitutional civil rights violations claim and Defendants Hobbs and White.

15.     The Court did not address ADC Defendants argument that Plaintiff's claim for injunctive relief was moot as Plaintiff is no longer housed in the cell, which is clear from the court record concerning plaintiff's current address.

16.     Plaintiff is no longer is the cell, where he claimed he was not provided sufficient food.  Plaintiff claim for injunctive relief is moot.  *SUMF ¶¶2*.   There are no genuine issues of material fact in dispute concerning fact that plaintiff is no longer incarcerated in the isolation unit by ADC.

17.     Plaintiff has the burden of proof in this case and he has not and cannot establish facts to show a constitutional violation based on his conclusory allegations that there was a deficiency in the food service in isolation unit.

WHEREFORE , ADC Defendants are entitled to sovereign immunity from monetary damage suits in their official capacity and qualified immunity from monetary damages in their individual capacity;  injunctive relief is moot, as plaintiff is no longer confined by ADC; and Defendants Director Ray Hobbs and Warden David White Motion for Summary Judgment should be granted.

    Respectfully submitted,

    DUSTIN MCDANIEL
    Arkansas Attorney General

By: /s/  Hester Criswell
    HESTER CRISWELL, #94020
    Assistant Attorney General
    323 Center Street, Suite 200
    Little Rock, Arkansas 72201-2610
    Telephone:  (501)682-5312
    Facsimile:   (501) 682-2591
    Email: hester.criswell@arkansasag.gov
    ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, Hester Criswell, Assistant Attorney General, do hereby certify that on July 26, 2012, I electronically filed the forgoing with the Clerk of Court using the CM/ECF system.

I, Hester Criswell, Assistant Attorney General, do hereby certify that on July 27, 2012, I mailed a copy of the above pleading via regular U.S. Mail, to the following non CM/ECF participant:

Mr. Takbir Allahu Akbar Muhammad
910 Red Hall Road
England, AR 72046

By:   /s/ Hester Criswell
      HESTER CRISWELL