# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

TAKBIR ALLAHU AKBAR MUHAMMAD                                      PLAINTIFF

v.                             NO. 5:10CV00343 JLH-BD

RAY HOBBS, Director, Arkansas
Department of Correction; and
DAVID WHITE, Warden, Maximum Security
Unit, Arkansas Department of Correction                          DEFENDANTS

## ORDER

Takbir Allahu Akbar Muhammad brought this action pursuant to 42 U.S.C. § 1983 while he was an inmate in the Arkansas Department of Correction. He alleged in his complaint that on the dates of August 5, 2009, September 25, 2009, and October 14, 2009, while housed in isolation in the maximum security unit at Tucker, Arkansas, he was given a very small styrofoam tray of food at breakfast, lunch, and dinner. He alleged that the food was insufficient to sustain him and that he was starving, becoming sick, and losing weight. He named as defendants Charles Cervin, whom he alleged was the kitchen supervisor; David White, who was the Warden; and Ray Hobbs, the Director of the Arkansas Department of Correction. He was unable to obtain service on Cervin, so the claims against Cervin were dismissed without prejudice. *See* Document #30.

Thereafter, Hobbs and White filed a motion in which they argued that they were entitled to summary judgment on several grounds. They supported their motion for summary judgment with copies of the grievances filed by Muhammad and the responses thereto. Muhammad did not respond to the motion for summary judgment. Nevertheless, Magistrate Judge Beth Deere submitted a partial recommended disposition in which she recommended that the motion for summary judgment be denied because the grievances were not authenticated by the custodian or other qualified witness, so there was no admissible evidence in support of the motion for summary judgment. Magistrate Judge

Deere correctly held that Hobbs and White had not met the initial burden under Rule 56, so the burden did not shift to Muhammad to meet proof with proof.

Hobbs and White objected to the partial recommended disposition. They supported their objection with an affidavit authenticating the grievances. The Court then entered an Order that directed Muhammad to file a response to the motion for summary judgment, including an affidavit and a short statement of the disputed facts that he believes must be decided at trial, as well as a response to the objections to the partial recommended disposition. Muhammad has filed a response, which largely reiterates the partial recommended disposition. Now that Hobbs and White have properly supported their motion for summary judgment and Muhammad has responded, the Court concludes that Hobbs and White are entitled to summary judgment.

The Supreme Court has explained the standard in a condition of confinement case brought under the Eighth Amendment as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 811 (1994).

Here, Muhammad does not allege that Hobbs or White was personally involved in the distribution of food at Tucker Max on the relevant dates. Instead, he alleges that they were legally responsible for the overall operation of the unit and that they denied his grievances. The grievances, which are now authenticated, show that food service personnel stated in response to the grievances that Muhammad's food portions met the amount required by the Arkansas Department of Correction master menu and were the same as the food portions for inmates in general population. The

responses also included unit records showing that Muhammad's weight was 176 lbs. from April 15, 2009, through September 9, 2009.  The issue is whether Hobbs and White knew of and disregarded an excessive risk to inmate health or safety.  The test under the Eighth Amendment is a subjective one, not an objective one.  *Id.*  In light of the information provided by food service staff in response to the grievances, there is no evidence from which a reasonable jury could infer that Hobbs and White believed that there was a substantial risk of harm to Muhammad.

Muhammad also appears to argue that Hobbs and White are vicariously liable under principles of *respondeat superior*.  Vicarious liability is inapplicable to section 1983 actions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

In summary, Muhammad complains about the conditions of his confinement, specifically that on three separate occasions he was not provided adequate food.  The only allegations against Hobbs and White are that they were responsible for the overall operations of the unit and they denied his grievances.  As a matter of law, vicarious liability does not apply.  The responses to the grievances by food service personnel indicated that Muhammad was being provided the food required by the Arkansas Department of Correction master menu.  Hobbs has been given an opportunity to respond, but he has presented no evidence to show that Hobbs or White knew that he was being provided inadequate food and deliberately disregarded a substantial risk of harm to him.  Therefore, Hobbs and White are entitled to judgment as a matter of law.

IT IS SO ORDERED this 7th day of September, 2012.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE